UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD ANDREW CROCE,

      Plaintiff,

v.                                            CASE NO. 6:17-cv-87-Orl-MCR

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.
_____/

### MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Following an administrative hearing held on March 31, 2015, the assigned Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled from May 24, 2010, the alleged disability onset date, through May 20, 2015, the date of the decision. (Tr. 14-27, 34-54.) Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision is **REVERSED and REMANDED**.

**I.    Standard**

The scope of this Court's review is limited to determining whether the

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 13, 16.)

Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff argues that the ALJ erred in failing to even mention his head traumas and hypertension at step two of the five-step sequential evaluation process and that the ALJ's residual functional capacity ("RFC") finding and hypothetical question to the vocational expert ("VE") were not supported by

substantial evidence, because the ALJ failed to account for any limitations stemming from these impairments. The Commissioner responds that substantial evidence supports the ALJ's RFC finding.

At step two of the sequential evaluation process, the ALJ found that Plaintiff had several severe impairments (osteoarthritis, gout, lumbar degenerative disc disease, adjustment disorder, and anxiety disorder) and one non-severe impairment (history of cocaine abuse). (Tr. 16-17.) The ALJ did not mention either Plaintiff's hypertension or his head traumas until his discussion of the evidence as part of the RFC determination. The ALJ mentioned Plaintiff's hypertension only once by stating: "During a January 2011 emergency room visit for hypertension, the claimant denied any weakness or numbness of the extremities." (Tr. 21.) There is also only one mention of Plaintiff's head injuries in the decision: "[Plaintiff] has four panic attacks each week. He associates his panic attacks to a head injury, which he claims caused short-term memory loss." (Tr. 20.) There is no other discussion of Plaintiff's hypertension, head traumas, and any resulting limitations anywhere in the decision.

As stated by the Eleventh Circuit: "The ALJ must state specifically the weight accorded each item of evidence and the reasons for his decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Luckey v. Astrue*, 331 F. App'x 634, 639 (11th Cir.

2009) (per curiam) (internal citations and quotation marks omitted). "Lack of findings on impairments can leave a court unable to determine whether the ALJ's severe impairment findings were rational and supported by substantial evidence." *Ross v. Colvin*, Case No. 13-80887-Civ-Brannon, 2014 WL 12538973, *2 (S.D. Fla. July 29, 2014). Further, "the combined effects of Plaintiff's impairments must be considered in determining whether he is disabled." *Id.* "Where there is a combination of impairments, the claimant may be found disabled even though none of the individual impairments is disabling." *Id.*

Here, the ALJ did not designate Plaintiff's hypertension and head traumas as either severe or non-severe impairments, did not even mention these impairments at step two, and did not discuss what weight he assigned to these impairments or any limitations resulting therefrom at any point in the decision. Although the finding of any severe impairment is generally "enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe," *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. 2011) (per curiam), there is no indication that the ALJ here considered all of Plaintiff's impairments, including hypertension and head traumas, at any subsequent step of the sequential evaluation process.

As reflected in the transcript of the administrative hearing, the ALJ was clearly aware of Plaintiff's hypertension and head traumas. Plaintiff testified that

4

his head injuries have caused, *inter alia*, panic attacks, short-term memory loss, nightmares, personality changes, anger issues, headaches, slurred speech, dizziness, nausea, and fainting. (Tr. 39-40, 43-44, 46.) A CT scan of the head showed a small linear area of subarachnoid hemorrhage. (Tr. 43, 48, 347.) The ALJ indicated that he would take a look at this issue on the day of the hearing. (Tr. 49.) Further, with respect to his hypertension, Plaintiff testified that he has chest pain and takes four different blood pressure medications, which make him sleepy and he has to take a nap after taking these medications. (Tr. 42, 44-45.) The disability reports also included references to these impairments, the medications taken to treat them, and any resulting limitations, putting the ALJ on notice of Plaintiff's hypertension and head traumas. (*See, e.g.*, Tr. 242, 262, 295-96, 298, 301.)

Plaintiff's hypertension and head traumas are also referenced throughout the medical records, which show that Plaintiff has been diagnosed with hypertension, has sought emergency care for hypertension, and has been admitted to the hospital for uncontrolled hypertension. (*See, e.g.*, Tr. 72, 75-76, 362-68, 376, 396, 426-30 (noting "a long history of hypertension on 3 antihypertensive medications"), 447, 449, 455-56, 459, 473-76, 482-83, 548, 576-77, 655-58, 677 (noting use of "multiple blood pressure medicines including clonidine 0.3 mg up to 4 times a day, hydralazine 10 mg 3 times a day, Norvasc 10 mg, lisinopril 40 mg twice a day, and HCTZ").) During doctor's visits and

5

admissions, Plaintiff complained of headaches with the need to increase his blood pressure medication, chest pain, anxiety, nausea, shaking, and/or respiratory issues, among others. (Tr. 370, 372, 427-28, 449, 455, 473-74, 548, 596-97, 655.)[2]

Plaintiff's head traumas are also documented in the record. On February 24, 2013, he presented to the emergency department after he "was struck in the head with a piece of glass cutting his scalp and back." (Tr. 596.) On examination, he had "a large scalp laceration measuring 10 cm" and "a mild/moderate hematoma." (Tr. 598.) Then, on July 19, 2013, Plaintiff was back to the emergency department after his roommate punched him in the face and he sustained a laceration to his lip. (Tr. 611.) There are also multiple references in the record to slurred speech between May 2012 and March 2015. (*See* Tr. 422, 428, 437, 524-27, 577, 597, 606, 612, 618, 661, 665, 694.)

As the ALJ never acknowledged these records, the Court can only speculate whether the ALJ considered and properly evaluated all of Plaintiff's impairments and any limitations resulting therefrom. Therefore, while it is possible that substantial record evidence supported the ALJ's decision, it is not this Court's role to supply the reasoning for the decision or weigh the evidence. *See Dixon v. Astrue*, 312 F. App'x 226, 229 (11th Cir. Feb. 13, 2009) (per curiam)

---

[2] Plaintiff's electrocardiogram reports of March 20, 2012, March 21, 2012, and January 13, 2013 showed abnormalities. (Tr. 464-70, 589.)

(stating the Court cannot speculate and "supply a reasoned basis for [the ALJ's decision] that the [ALJ himself] has not given"); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (stating the court may not decide facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner); *McDaniel v. Bowen*, 800 F.2d 1026, 1032 (11th Cir. 1986) (stating that courts must resist the temptation to "engage in direct fact finding" as that is "an affront to the administrative process"). Rather, the Court must judge the propriety of the ALJ's decision based "solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

Accordingly, it is **ORDERED**:

1. The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) designate all of Plaintiff's impairments as either severe or non-severe; (b) consider all of Plaintiff's impairments in formulating the RFC; and (c) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. In the event that benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in *In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No.: 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13,

2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on May 21, 2018.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record